UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

D-1 JOHN KIRKPATRICK M.D.,
D-2 ROLAND WILLIAMS

     Defendants.

_____/

Violations:  21 U.S.C. § 841(a)(1)
                 21 U.S.C. § 846
                 18 U.S.C. § 2

Case: 2:21-cr-20760
Judge: Edmunds, Nancy G.
MJ: Grey, Jonathan J.C.
Filed: 12-16-2021 At 03:18 PM
INDI USA V JOHN KIRKPATRICK ET AL (SS

## INDICTMENT

## THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

1.     Beginning in or about May 2018, and continuing up to and including March 2021, in the Eastern District of Michigan, the named defendants and others, both known and unknown to the grand jury, engaged in a scheme and pattern of illegal conduct involving the unlawful distribution of prescription drug-controlled substances. Each defendant played different roles, at different times, during the conspiracy. The purpose of the scheme was for Dr. JOHN KIRKPATRICK to write prescription opioids, in exchange for cash payments, that could be filled at various pharmacies. The prescription opioid pills were sold at a substantial profit on the illegal street market in the Metropolitan Detroit area and elsewhere.

At all times relevant to the Indictment:

2.     Dr. JOHN KIRKPATRICK owned Southfield Medical Services

6

("SMS"), which is incorporated in the State of Michigan.

     3.    From approximately May 2018 to March 2021, SMS was located at 23999 Northwestern Highway and then 20180 W. 12 Mile Rd., Ste. 100B, both in Southfield, Michigan.

     4.    During its entire time of operation, SMS's fundamental purpose was to issue unlawful opioid prescriptions, in exchange for cash payments, to "patients" or patient recruiters/marketers. The opioid prescriptions were not issued for the legitimate treatment of patients, but rather to obtain opioids that could be sold at a substantial profit on the illegal street market. The primary prescription opioids illegally prescribed and distributed were Oxycodone, Oxycodone-Acetaminophen and Oxymorphone.

     5.    Dr. JOHN KIRKPATRICK was a licensed medical doctor in the State of Michigan and was authorized by the Drug Enforcement Administration (DEA) to prescribe Schedule II – V controlled substances by issuing prescriptions, provided that such prescriptions were issued in the normal course of professional medical practice.

     6.    As part of the conspiracy, ROLAND WILLIAMS, and others who are both known and unknown to members of the grand jury, recruited "patients" to be seen by Dr. KIRKPATRICK. WILLIAMS and Dr. KIRKPATRICK required all "patients" to pay cash for the office visit, and they charged different amounts of money depending on the quantity, type, and dosage of the prescription opioid that

the patient recruiter/marketer requested and received. After a cursory examination or no examination at all, Dr. KIRKPATRICK would write multiple prescriptions, without medical necessity and outside the scope of professional medical practice, to the "patients" recruited by ROLAND WILLIAMS, and others.

7.      As part of the conspiracy, Dr. KIRKPATRICK required each "patient" to have certain records in a patient file before he would write a controlled substance prescription. ROLAND WILLIAMS and other employees of SMS created fraudulent medical records, including MRI reports and Michigan Automated Prescription System (MAPS) reports, to give the appearance of legitimacy.

8.      As part of the conspiracy, Dr. KIRKPATRICK authorized electronic prescriptions for Schedule II controlled substances, which were issued under Dr. KIRKPATRICK's DEA license and without a medical evaluation by the doctor.

9.      During the conspiracy, Dr. KIRKPATRICK prescribed more than 574,604 dosage units of Schedule II controlled substances.

## COUNT ONE
(21 U.S.C. §§ 841(a)(1), 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

D-1 JOHN KIRKPATRICK, M.D.,
D-2 ROLAND WILLIAMS,

10.     Beginning in or about May 2018, and continuing until in or about March 2021, in the Eastern District of Michigan, Southern Division, the defendants Dr. JOHN KIRKPATRICK and ROLAND WILLIAMS, and others, both known and unknown to members of the grand jury, did knowingly, intentionally, and unlawfully

conspire and agree with each other and other persons not named in this indictment, to possess with intent to distribute and to distribute controlled substances, including but not limited to the Schedule II drug Oxycodone and the Schedule II drug Oxymorphone. These prescription drug controlled substances were distributed outside the scope of usual professional medical practice and for no legitimate medical purpose, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

### COUNTS TWO – EIGHT
(21 U.S.C. § 841(a)(1) – Unlawful Distribution of Controlled Substances,
18 U.S.C. § 2 – Aiding & Abetting)
D-1 JOHN KIRKPATRICK, M.D.,
D-2 ROLAND WILLIAMS

11.    On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendants Dr. JOHN KIRKPATRICK and ROLAND WILLIAMS did knowingly, intentionally, and unlawfully distribute, and aid and abet each other in distributing, the identified prescription drug controlled substances by writing prescriptions outside the scope of usual professional medical practice and for no legitimate medical purpose, in the names of individuals as follows:

| COUNT | ON OR ABOUT DATE | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNITS |
|---|---|---|---|---|
| 2 | 9/5/2018 | R.W. | Oxymorphone HCl 40 mg | 60 |
| 3 | 4/15/2019 | C.L. | Oxycodone HCl 30 mg | 90 |
| 4 | 8/13/2020 | D.M. | Oxycodone Acetaminophen 10-325 mg | 90 |
| 5 | 8/13/2020 | I.H. | Oxycodone HCl 30 mg | 90 |
| 6 | 1/19/2021 | K.H. | Oxycodone HCl 30 mg | 90 |
| 7 | 3/2/2021 | R.S. | Oxycodone HCl 30 mg | 90 |
| 8 | 3/11/2021 | C.M. | Oxycodone HCl 30 mg | 90 |

4

All in violation of Title 21, United States Code, § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATIONS
### (21 U.S.C. § 853 – Criminal Forfeiture)

12.   The allegations set forth above in this Indictment are hereby incorporated by reference as if they were set forth in full herein for the purpose of alleging forfeiture against each defendant pursuant to Title 21, United States Code, Section 853.

13.   Pursuant to Title 21, United States Code, Section 853(a), upon conviction of the controlled substance offense in violation of Title 21, as alleged in Counts One through Seven of this Indictment, the convicted defendant(s) shall forfeit to the United States: (a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation; and (b) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation. As part of the forfeiture in this case, the government intends to seek a forfeiture money judgment against one or more of the charged defendants.

14.   Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

5

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided

without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. 853(p) to seek to forfeit

any property of the defendant up to the value of the forfeitable property described

above.

THIS IS A TRUE BILL

s/ *Grand Jury Foreperson*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

s/ *Regina R. McCullough*
REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
Assistant United States Attorney

s/ *Alison Furtaw*
ALISON FURTAW
Assistant United States Attorney

s/ *Brandy R. McMillion*
BRANDY R. MCMILLION
Assistant United States Attorney

Dated: December 16, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cov |
|---|---|

Case: 2:21-cr-20760
Judge: Edmunds, Nancy G.
MJ: Grey, Jonathan J.C.
Filed: 12-16-2021 At 03:18 PM
INDI USA V JOHN KIRKPATRICK ET AL (SS

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com

## Companion Case Information

| | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials:    A.F. |

**Case Title:** USA v. John Kirkpatrick, et al.

**County where offense occurred :** Oakland

**Check One:**   ☒ Felony     ☐ Misdemeanor     ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 16, 2021
Date

*Alison Furtaw*
Alison Furtaw
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-0206
Fax:  313-226-2621
E-Mail address: alison.furtaw@usdoj.gov
Attorney Bar #: P55893

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.